UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Cutsforth, Inc.,** | Civil No. 12-1200 (SRN/LIB) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **LEMM Liquidating Company, LLC (f/k/a Fulmer Company, LLC), Westinghouse Air Brake Technologies Corporation, and Motivepower, Inc.,** | |
| **Defendants.** | |

Mathias W. Samuel, Conrad A. Gosen, Joseph A. Herriges, Michael E. Florey, Rob Courtney, and Ann Motl, Fish & Richardson, 60 South Sixth Street, Suite 3200, Minneapolis, Minnesota 55402, counsel for Plaintiff.

Gina Alyse Jenero, Devon Curtis Beane, Benjamin E. Weed, Jason A. Engel, and Alan L. Barry, K & L Gates, LLP, 70 West Madison Street, Suite 3100, Chicago, Illinois 60602; Olivia Moreland Cooper and Robert D. Brownson, Brownson Norby, PLLC, , counsel for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants' Supplemental Motion to Transfer Venue [Doc. No. 431]. For the reasons stated herein, Defendants' Motion is granted, and this case is transferred to the Western District of Pennsylvania.

1

**I.     BACKGROUND**

As set forth in the factual recitation of this Court's August 4, 2017 Order [Doc. No. 419], incorporated herein by reference, this dispute concerns allegations that Defendants have infringed various patents held by Plaintiff Cutsforth, Inc. ("Cutsforth") for the design and manufacture of "brush holders" used by utility companies to facilitate the generation of electricity. (See, e.g., Second Am. Compl. ("SAC") ¶ 27 [Doc. No. 45].) Cutsforth filed suit on May 17, 2012, asserting, among other things, that venue in this district was proper "pursuant to at least 28 U.S.C. §§ 1391(b) and (c) and 1400(b)." (See Compl. ¶ 8 [Doc. No. 1].) Defendants answered this first complaint on July 6, 2012, admitting Cutsforth's venue allegations. (See Westinghouse Air Brake Techs. Corp. ("Wabtec") Answer ¶ 8 [Doc. No. 17]; Fulmer Co. LLC Answer ¶ 8 [Doc. No. 18].) The complaint was subsequently amended on July 13, 2012, and again on September 25, 2012—in both instances, Defendants agreed that venue was proper in Minnesota. (See, e.g., LEMM Liquidating Co. Answer to Am. Compl ¶ 18 [Doc. No. 47]; MotivePower, Inc. Answer to Am. Compl. ¶ 18 [Doc. No. 48]; Wabtec Answer to Am. Compl. ¶ 18 [Doc. No. 49].)

After the entry of a stay from June 2013 through September 2016, during inter partes review before the U.S. Patent Trial and Appeal Board, this litigation resumed. (See Aug. 4, 2017 Order at 2.)  In May 2017, the U.S. Supreme Court issued TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514 (2017). Shortly thereafter, Defendants sought permission to amend their answers to deny that venue was proper in

this district, and to move to dismiss or transfer this case for improper venue, arguing for the retroactive application of TC Heartland. (See Defs.' Mem. Supp. Mot. to Transfer at 1 [Doc. No. 404].)

Based on TC Heartland, in August 2017, this Court granted Defendants' Motion to Transfer Venue. (See Aug. 4, 2017 Order at 5, 9-10.) Finding that TC Heartland provided an intervening change in law that excused Defendants from raising venue defenses earlier, the Court held that Defendants did not waive their venue objections under Federal Rule of Civil Procedure 12(g)(2) and (h)(1)(A). (See id. at 6-9.) The Court therefore ordered the transfer of venue to the Western District of Pennsylvania, as the parties did not dispute the propriety of venue in that district. (See id. at 12–13.)

Cutsforth subsequently petitioned the Federal Circuit for a writ of mandamus directing this Court to vacate its transfer order, which the Federal Circuit granted. In re Cutsforth, Inc., No. 2017-135, 2017 WL 5907556, at * 2 (Fed. Cir. Nov. 15, 2017). In the Cutsforth mandamus order, the Federal Circuit referenced a related ruling issued on the same day, In re Micron Technology, Inc., 875 F.3d 1091 (Fed. Cir. 2017). In In re Micron, the Federal Circuit held, consistent with this Court's earlier ruling in the instant case, that because TC Heartland effected a change in the relevant venue law, a defendant's failure to earlier raise a venue objection did not constitute a waiver of that objection. Id. at 1096–1100. But the Federal Circuit further stated that Rule 12 is not the only basis under which a district court may reject the timeliness of a venue defense. Id. at 1100–01. The court pointed to Federal Rule of Civil Procedure 1 as another basis for

3

evaluating the timeliness of a venue defense. Id. at 1100 (citing Dietz v. Bouldin, Inc., 136 S. Ct. 1885, 1891 (2016)). It observed that under Rule 1, district courts possess inherent powers to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)).

In light of the changed analysis under In re Micron, the parties here agreed to file supplemental briefing to address the issues raised by the Federal Circuit. Defendants filed the instant motion, renewing their request to transfer venue. They argue that transfer is still required when considering non-Rule 12-based factors. (Defs.' Supp'l Mem. Supp. Mot. Transfer at 8 [Doc. No. 432].) They further note that this Court has already recognized that Defendants moved to transfer as soon as reasonably possible in light of the change in the law, and did not otherwise demonstrate any sort of undue delay, bad faith, or dilatory motive. (Id. at 8–9) (citing Aug. 4, 2017 Order at 10.) Moreover, they assert that this case is not close to trial, (id. at 13–14), and that Cutsforth's claims of prejudice are irrelevant to the legal analysis. (Id. at 14–16.) But even if Cutsforth's alleged prejudice were relevant, Defendants argue, such prejudice should not outweigh Defendants' prejudice of being subject to legally improper venue. (Id. at 16–17.)

In response, Cutsforth argues that in this Court's Rule 1 analysis, it should consider Defendants' "tactical conduct" in allegedly delaying the filing of their motion to transfer. (See Pl.'s Supp'l Opp'n Mem. at 7 [Doc. No. 436].) Although TC Heartland was issued on May 22, Cutsforth asserts that Defendants made no mention of the case, or of the possibility of a motion to transfer venue, at the May 26, 2017 summary judgment

4

hearing.  (Id.)  Rather, Cutsforth asserts that Defendants "plainly waited until [they] had gauged the Court's reaction to summary judgment argument before filing [their] venue motion."  (Id. at 7.)  It further contends that wasted resources, prejudice, and the advanced stage of the case preclude transfer.  (Id. at 11–15.)

## II. DISCUSSION

In TC Heartland, 137 S. Ct. at 1518–19, the U.S. Supreme Court clarified that the narrower, patent-specific venue statute, 28 U.S.C. § 1400(b), determines venue in patent infringement suits.  Further, the Court held that the general venue statute, 28 U.S.C. § 1391, under which venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction," does not affect the terms or interpretation of the patent venue statute.  Id. Under § 1400(b), venue for patent infringement actions properly lies either:  (1) in the district where the defendant "resides;" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  The Court here reaffirms its previous findings under Rule 12 that because none of the Defendants reside in Minnesota, and there is no evidence that Defendants committed acts of infringement in Minnesota, or that Defendants maintain "a regular and established place of business" here, venue is improper under both prongs of § 1400(b).  (See Aug. 4, 2017 Order at 11–14.)[1]  Also, the

---

[1] In its petition to the Federal Circuit, Cutsforth did not challenge this Court's prior substantive findings under either prong of § 1400(b). (See generally, Petition, In re: Cutsforth, Inc., No. 17-135 (Fed. Cir.), Ex. 12 to Defs.' Reply Mem. [Doc. No. 433-1].) Rather, the primary focus in its mandamus petition, and the basis on which the Federal

Court restates its prior finding that TC Heartland constituted an intervening change in the law sufficient to excuse waiver under Rule 12(g)(2) and (h)(1)(A), (see id. at 9–10)—consistent with the Federal Circuit's subsequent ruling in In re Micron, 875 F.3d at 1096–1100.

At issue on remand is whether other non-merits, non-Rule 12-based considerations justify a finding of forfeiture of the defense of improper venue. Cutsforth, 2017 WL 5907556, at *2; see also In re Micron, 875 F.3d at 1101–02. As noted, the Federal Circuit directs this Court to Rule 1 as a source of authority for such considerations. Cutsforth, 2017 WL 5907556, at *2 (citing In re Micron, 875 F.3d at 1100–02).

### A.   Inherent Powers Under Rule 1

Rule 1 states that district courts should "construe[ ], administer[ ], and employ[ ]" the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Both the Federal Circuit and the Eighth Circuit have stated that Rule 1 vests district courts with broad discretion to effectuate the Rule's objectives.[2]  See, e.g., Mortg. Grader, Inc. v. First Choice Loan Servs. Inc., 811

---

Circuit remanded the matter, concerned waiver of the right to challenge venue.

[2] In In re Micron, the Federal Circuit acknowledged that it left unresolved the question of "whether [Federal Circuit] law or the relevant regional circuit's law governs forfeiture standards not tied to the patent-specific venue statute." 875 F.3d at 1101. While Cutsforth persuasively proposes the application of Federal Circuit authority, (see Pl.'s Supp'l Opp'n Mem. at 5) (citations omitted), it also acknowledges the lack of any substantive differences between the law of the Federal Circuit and Eighth Circuit in this regard. (Id. at 6, n.4.) Moreover, the Federal Circuit takes persuasive guidance from the applicable regional circuit authority in the course of its own analysis. See, e.g., Tesco

F.3d 1314, 1320–21 (Fed. Cir. 2016) ("District courts have inherent power to manage their own docket, and are authorized to 'consider and take appropriate action' to facilitate the 'just, speedy, and inexpensive disposition' of all matters before them.") (citations omitted); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006) (observing that district courts have broad discretion in establishing and enforcing deadlines in achieve "the just, speedy, and inexpensive determination of every action.") (citations omitted).  In Dietz, the Supreme Court observed that while it had never defined "the outer boundaries of a district court's inherent power," it acknowledged the following limits on a court's power under Rule 1: (1) the exercise of an inherent power must reasonably respond to "the problems and needs confronting the court's fair administration of justice;" and (2) the exercise of an inherent power cannot conflict with any express grant of or limitation on the district court's power contained in a rule or statute.  136 S. Ct. at 1892.

### 1.  Defendants' Conduct

In In re Micron, the Federal Circuit declined to provide "a precedential answer" of whether the evaluation of timeliness may involve the consideration of factors "other than the sheer time from when the defense becomes available to when it is asserted."  875 F.3d at 1101–02.  However, it noted that "an obvious starting point for a claim of forfeiture" would be "a defendant's tactical wait-and-see bypassing of an opportunity to declare a

---

Corp. v. Nat'l Oilwell Varco, L.P., 804 F.3d 1367, 1374 (Fed. Cir. 2015).  Because the legal standard is identical here, the Court need not reach this issue.

desire for a different forum, where the course of proceedings might well have been altered by such a determination." Id. at 1102.

From an objective standpoint here, a period of only 16 days passed between May 22, 2017, when the venue defense first became available with the Supreme Court's issuance of TC Heartland, and June 7, 2017, when Defendants sought leave to file a motion to transfer.  (See June 7, 2017 Letter [Doc. No. 394].)  Given the significant change in patent venue jurisprudence, 16 days was a reasonable period of time for Defendants to consider the potential impact of TC Heartland on this case.  Moreover, when Defendants raised the issue with the Court, they sought an expedited briefing schedule and agreed to waive oral argument.  (Id. at 1–2.)

As noted, Cutsforth asserts that tactical gamesmanship prompted Defendants to file the motion to transfer in June 2017.  (See Pl's. Supp'l Mem. at 7.)  Beyond Cutsforth's conjecture, however, no evidence in the record supports a finding of any tactical gamesmanship.  Further, defense counsel represented at the hearing on the instant motion that Defendants employed no such tactics.  Rather, as the Court found in the August 4, 2017 Order, it again finds that "Defendants in this case applied to amend as soon as reasonably possible based on new developments in the law, and thus have not demonstrated the sort of undue delay, bad faith, or dilatory motive that would warrant rejecting their motion." (Aug. 4, 2017 Order at 10) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Pauling v. Globe-Democrat Pub. Co., 362 F.2d 188, 198 (8th Cir. 1966)).  Accordingly, under this Court's Rule 1 analysis, Defendants' conduct provides no basis

8

for finding that they forfeited their venue objections.

### 2. Prejudice and Expended Resources

Cutsforth also argues that prejudice to itself and "wastage all around" warrants the denial of Defendants' transfer motion. (See Pl.'s Supp'l Opp'n Mem. at 7.) It contends that the Federal Circuit's ruling on mandamus suggests that wasted resources and prejudice to the plaintiff are factors that this Court should take into account. (Id. at 11) (citing Cutsforth, 2017 WL 5907556, at *1). Although the portion of the Federal Circuit's mandamus ruling to which Cutsforth refers simply quotes a portion of this Court's August 4, 2017 ruling, see Cutsforth, 2017 WL 5907556, at *1 (citing Aug. 4, 2017 Order at 12–13), the Court finds that general considerations of prejudice and efficiency are within the ambit of this Court's inherent authority to effectuate "just, speedy, and inexpensive" legal determinations.

The Court is sympathetic to the aspects of prejudice that a venue transfer presents for Cutsforth. However, the Court finds greater prejudice in subjecting Defendants—the parties "without a say" in the selection of venue—to improper venue in this district. Ensuring proper venue is vital to carrying out Rule 1's command that district courts justly administer their proceedings. Defendants also note that Cutsforth's claims of increased costs to proceed in the Western District of Pennsylvania are of little merit. (See Defs.' Supp'l Reply at 3 [Doc. No. 439].) For example, it appears that none of Cutsforth's testifying fact witnesses live in Minnesota, (see id.) (citing Mar. 10, 2017 Tr. at 5 [Doc. No. 318]), while all of Defendants' testifying fact witnesses are in the Pittsburgh area.

(See id.) Also, while fact and expert discovery have closed here, the underlying work performed by both parties is transferrable and will ameliorate some of the parties' future expenditures of resources.

The Court has therefore considered the parties' respective claims of prejudice under Rule 1, and is persuaded that the prejudice to Defendants of having to defend this suit here outweighs the prejudice to Cutsforth in litigating in the Western District of Pennsylvania.[3] Thus, prejudice to the parties and the expenditure of resources do not warrant a finding of forfeiture of Defendants' venue objections.

### 3.     Closeness of Trial Date

---

[3] This Court is also mindful of the limits on its inherent power, as recognized in Dietz. These limits require that this Court's exercise of Rule 1 authority not conflict with any express limitation on that power contained in a rule or statute. Dietz, 136 S. Ct. at 1892. Here, a finding of forfeiture under Rule 1 could present such a conflict. "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979). Thus, a statutory analysis of venue focuses on the harm to defendants if improper venue lies—not the harm to plaintiffs if venue is transferred. See 28 U.S.C. § 1406(a) (mandating that court "shall" dismiss case or transfer where venue is improper); Olberding v. Ill. Cent. R.R. Co., 346 U.S. 338, 340 (1953) (noting under general venue statute that unless a defendant has consented to venue, "he has a right to invoke the protection which Congress has afforded him. The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction."); Hoover Grp., Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996) (noting that venue requirements "exist for the benefit of defendants."); Simplex-Turmar, Inc. v. Roland Marine, Inc., No. 96-cv-723E(M), 1997 WL 736541, at *3 (W.D.N.Y. Nov. 14, 1997) ("The plaintiff's convenience is not a relevant factor in determining whether venue is proper."). Here, however, the Court's analysis of prejudice considers the prejudice to both parties, and the Court reaches a result under Rule 1 that does not conflict with other authority.

Also in opposition to Defendants' motion, Cutsforth cites the wastefulness that a transfer will entail given the proximity of this case to trial. (Pl.'s Supp'l Opp'n Mem. at 7–8; 13–15.) Along with tactical gamesmanship, the Federal Circuit in In re Micron identified the closeness of a case to trial as a factor in a Rule 1 evaluation. 875 F.3d at 1102.

As Plaintiffs correctly observe, in the August 4, 2017 Order, the Court acknowledged the duration of this litigation and that Defendants had filed the motion to transfer venue just as the Court was preparing to issue its claim construction order. (Aug. 4, 2017 Order at 2; 13.) But this case has been lengthy primarily due to a three-year period of inter partes review during which this Court stayed proceedings here. Nor do Defendants bear any blame for failing to anticipate a venue defense that was unavailable prior to May 22, 2017.

Importantly, this case is not "trial-ready," nor was it trial-ready at the time Defendants filed the motion to transfer venue. The applicable scheduling order listed June 19, 2017, "or upon resolution of any pending dispositive motions," as the "trial-ready" date. (Fifth Am. Pretrial Sched. Order at 12 [Doc. No. 171].) Dispositive motions were pending at the time that Defendants moved to transfer venue in June 2017. In addition, Defendants note that another summary judgment and Daubert hearing were anticipated. (See Defs.' Supp'l Mem. at 13.) Given the prospect of additional dispositive motion practice, it is unlikely that the case would have proceeded to trial until mid-2018. These facts are therefore unlike several post-TC Heartland cases for which the Federal

Circuit has denied review of venue objections that were presented close to trial, finding no error in the district courts' denial of motions to transfer. In re Micron, 875 F.3d at 1102, n.4 (citing In re Nintendo of Am. Inc., 2017 WL 4581670 (Fed. Cir. July 26, 2017) (motion less than three months before trial); In re Techtronic Indus. N. Am., Inc., No. 17-125, 2017 WL 4685333, at *1 (Fed. Cir. July 25, 2017) (less than two months before trial); In re Hughes Network Sys., LLC, No. 17-130, 2017 WL 3167522, at *1 (Fed. Cir. July 24, 2017) (less than two months before trial); In re Sea Ray Boats, Inc., 695 Fed. Appx. 543, 543–44 (Fed. Cir. 2017) (two weeks before trial)).

Moreover, courts have granted motions to transfer following TC Heartland and In re Micron in cases that were procedurally advanced. See, e.g., Fox Factory, Inc. v. SRAM, LLC, Nos. 3:16-cv-506-WHO & 3:16-cv-3716-WHO, 2018 WL 317839, at *2 (N.D. Cal. Jan. 8, 2018) (transferring venue after finding no waiver, no tactical delay, and cases were not close to the November 2018 trial date); Javelin Pharms., Inc. v. Mylan Labs. Ltd., No. 16-cv-224, 2017 WL 5953296 (D. Del. Dec. 1, 2017) (transferring venue after ruling on claim construction); Personal Audio, LLC v. Google, Inc., No. 1:15-CV-350, 2017 WL 5988868 (E.D. Tex. Dec. 1, 2017) (granting transfer in the interests of justice, although the case "had dragged on for years due to inter partes reviews."). Accordingly, consideration of the closeness of this case to trial does not warrant a finding of forfeiture of the venue defense

In sum, having considered the factors addressed above under this Court's Rule 1 authority, the Court concludes that Defendants did not forfeit their rights to challenge

venue under the circumstances here.  They have not engaged in any improper conduct that could otherwise warrant the retention of venue in this district, and considerations of prejudice weigh in favor of transfer.  Nor is the case trial-ready, such that efficiency requires the denial of Defendants' motion.   Accordingly, transferring venue is appropriate.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Supplemental Motion to Transfer Venue [Doc. No. 431] is **GRANTED**;

2. This action is transferred to the United States District Court for the Western District of Pennsylvania; and

3. The Clerk of Court is directed to effect the transfer.

Dated:   February 13, 2018              s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge